2014 UT App 94

**State of Utah, in the interest of N.V., a person under eighteen years of age.**

**N.V., Appellant,**

v.

**STATE of Utah, Appellee.**

No. 20140141–CA.

Court of Appeals of Utah.

April 24, 2014.

David C. Cundick, Tooele, for Appellant.

Sean D. Reyes, John M. Peterson, and Carol L.C. Verdoia, Salt Lake City, for Appellee.

Martha Pierce, Salt Lake City, Guardian ad Litem.

Before Judges JAMES Z. DAVIS, J. FREDERIC VOROS JR., and PAMELA T. GREENWOOD.[1]

Decision

PER CURIAM:

¶ 1 N.V. (Father) appeals the termination of his parental rights to his child, N.V. We affirm.

¶ 2 "[I]n order to overturn the juvenile court's decision, the result must be against the clear weight of the evidence or leave the appellate court with a firm and definite conviction that a mistake has been made." *In re B.R.*, 2007 UT 82, ¶ 12, 171

1. The Honorable Pamela T. Greenwood, Senior Judge, sat by special assignment as authorized by law. *See generally* Utah Code Jud. Admin. R. 11–201(6).

P.3d 435 (citation and internal quotation marks omitted). We "review the juvenile court's factual findings based upon the clearly erroneous standard." *In re E.R.*, 2001 UT App 66, ¶ 11, 21 P.3d 680. A finding of fact is clearly erroneous when, in light of the evidence supporting the finding, it is against the clear weight of the evidence. *Id.* Therefore, "[w]hen a foundation for the court's decision exists in the evidence, an appellate court may not engage in a reweighing of the evidence." *In re B.R.*, 2007 UT 82, ¶ 12, 171 P.3d 435.

¶ 3 Father challenges the sufficiency of the evidence to support the findings that he

neglected or abused [N.V.]; that he was an unfit or incompetent parent; that he had neglected, willfully refused, or been unable or unwilling to remedy the circumstances that caused the child to be in an out-of-home placement; and that there is a substantial likelihood that [Father] would not be capable of exercising proper and effective parental care in the near future.

Pursuant to Utah Code section 78A–6–507, the findings of a single enumerated ground will support the termination of parental rights. *See* Utah Code Ann. § 78A–6–507 (LexisNexis 2012). Therefore, if sufficient evidence supports any of the grounds for termination found by the juvenile court, the termination is appropriate.

¶ 4 Father does not challenge either of the additional grounds found by the juvenile court to support the termination of parental rights. The juvenile court also found that Father experienced a failure of parental adjustment "by remaining unable or unwilling within a reasonable time to substantially correct the circumstances, conduct, or conditions that led to placement of the child outside of the home." *See id.* § 78A–6–507(1)(e); *id.* § 78A–6–502(2). The juvenile court further found that Father made "only token efforts to support or communicate with his minor child, and/or to eliminate the risk of serious physical, mental or emotional abuse; and/or to avoid being an unfit parent." *See id.* § 78A–6–507(1)(f). Either of these unchallenged grounds is sufficient to support termination.

¶ 5 In addition, the juvenile court's finding that Father had neglected, willfully refused, or had been unable to remedy the circumstances that caused N.V. to be in an out-of-home placement was supported by sufficient evidence. *See id.* § 78A–6–507(1)(d). The juvenile court's related finding that Father would not be capable of exercising proper and effective parental care in the near future was also amply supported. *See id.* Father was incarcerated for all but five weeks of the child welfare case, had three visits with N.V., and sent two or three cards. Although Father voluntarily completed classes available to him while incarcerated, including a parenting class, he did not complete the inpatient drug treatment program ordered as a condition of his release on probation in his criminal case. At the time of the termination trial, he was again incarcerated after a probation violation, and he remained unable to care for N.V. Father had no housing or employment and no present ability to provide N.V. with a suitable home.

¶ 6 Father's remaining challenge is to the sufficiency of the evidence to support the finding that it would be in N.V.'s best interest to terminate parental rights and allow him to be adopted into a stable, secure family where his needs could be met. Father had been incarcerated for all but five weeks of the case. He had visited N.V. three times since the child's removal. Father argued that his completion of classes available at the Adult Detention Center was evidence of his efforts to be an effective parent. However, when he was released on probation and specifically ordered to complete an inpatient drug treatment program, he did not enroll or complete treatment. He was returned to jail based on a probation violation with a projected release date of March 2014, when he would again be on probation. N.V. was living in a prospective adoptive home where he was doing well, he was integrated into the family, and his needs were being met. That family wished to adopt N.V. if he became available. The best interests finding was also supported by sufficient evidence.

¶ 7 Because "a foundation for the court's decision exists in the evidence," we affirm the juvenile court's termination of Father's pa-

rental rights. *See In re B.R.*, 2007 UT 82, ¶ 12, 171 P.3d 435.